Vacated by Supreme Court, March 7, 2005

<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-4049**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VERNON BROOKS,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (CR-03-20)

———————————

Submitted: September 27, 2004      Decided: October 28, 2004

———————————

Before WILKINSON, WILLIAMS, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

William J. Dinkin, DINKIN, PURNELL & JOHNSON, PLLC, Richmond, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Vernon Brooks appeals from his convictions and 210-month sentence for conspiracy to distribute oxycodone and possession of oxycodone with intent to distribute within 1000 feet of a protected area, in violation of 21 U.S.C. §§ 841(a)(1), 846, 849 (2000). Finding no reversible error, we affirm.

Brooks first claims that the district court denied him his Sixth Amendment right to trial by jury by applying sentencing enhancements under the federal sentencing guidelines. Because Brooks did not raise this claim in the district court, our review is for plain error. See United States v. Osborne, 345 F.3d 281, 284 (4th Cir. 2003) (stating standard of review). We have recently considered this argument and rejected it. See United States v. Hammoud, ___ F.3d ___, 2004 WL 2005622, at *28 (4th Cir. Sept. 10, 2004) (No. 03-4253) (en banc); United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004) (order), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Aug. 6, 2004) (No. 04-193). Because Brooks' sentence did not exceed the statutory maximum sentence authorized by law, see Apprendi v. New Jersey, 530 U.S. 466 (2000), we find no error.

Brooks next claims that the district court abused its discretion by allowing the jury to consider a tape-recorded conversation between two of Brooks' co-conspirators. Brooks claims that because one of the parties to the recorded conversation was no longer a participating member of the conspiracy, the district court

- 2 -

erred in admitting the tape under Fed. R. Evid. 801(d)(2)(E). Even if the audiotape amounts to hearsay, we conclude that error, if any, is harmless. <u>See</u> <u>United States v. Weaver</u>, 282 F.3d 302, 313-14 (4th Cir.) (providing standard), <u>cert. denied</u>, 537 U.S. 847 (2002). Numerous witnesses and co-conspirators testified at trial to Brooks' role in transporting large quantities of oxycodone tablets to Virginia and distributing them. Although Brooks attacks this testimony as self-serving, it is the jury, not this court, that is charged with weighing the credibility of these witnesses. <u>See</u> <u>United States v. D'Anjou</u>, 16 F.3d 604, 614 (4th Cir. 1994). Accordingly, we reject this claim.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>