**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4049**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VERNON BROOKS,

Defendant - Appellant.

---

On Remand from the United States Supreme Court.
(S. Ct. No. 04-8433)

---

Submitted:  November 9, 2005        Decided:  December 6, 2005

---

Before WILKINSON, WILLIAMS, and SHEDD, Circuit Judges.

---

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

---

William J. Dinkin, DINKIN, PURNELL & JOHNSON, PLLC, Richmond, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This case is before the court on remand from the United States Supreme Court. We previously affirmed Vernon Brooks' convictions for conspiracy to distribute oxycodone and possession of oxycodone with intent to distribute within 1000 feet of a protected area, in violation of 21 U.S.C. §§ 841(a)(1), 846, 849 (2000). United States v. Brooks, No. 04-4049 (4th Cir. Oct. 28, 2004) (unpublished). The Supreme Court vacated our decision and remanded Brooks' case for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).

A Sixth Amendment error occurs when a district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Booker, 125 S. Ct. at 756. Because Brooks did not raise a Sixth Amendment challenge or object to the mandatory application of the guidelines in the district court, our review is for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

The facts that are supported by the verdict of the jury are that Brooks is responsible for an unspecified quantity of oxycodone as part of the conspiracy of which he was a part, and that the conspiracy occurred near a protected area. These facts correspond with an offense level of eight, see U.S. Sentencing Guidelines Manual §§ 2D1.1(c)(17), 2D1.2(a)(1) (2003), and a sentencing range of zero to six months' imprisonment. See USSG Ch.

- 2 -

5, Pt. A, table (based on Brooks' criminal history category of I (one)). Brooks' sentence of 210 months exceeds this range. Because this error affects Brooks' substantial rights, we conclude it is plainly erroneous.[*]  See Hughes, 401 F.3d at 547-48.

Accordingly, we vacate the sentence imposed by the district court and remand for resentencing in accordance with Booker. Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546 (applying Booker on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47. We affirm Brooks'

_____

[*]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Brooks' sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal.").

convictions for the reasons stated in our prior opinion of October 28, 2004.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

**AFFIRMED IN PART**;
**VACATED AND REMANDED IN PART**
