**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4260**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VERNON BROOKS,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Chief District Judge.  (1:03-cr-00020)

———————————

Submitted:  January 10, 2007          Decided:  April 12, 2007

———————————

Before WILKINSON, WILLIAMS, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Matthew W. Greene, SMITH & GREENE, P.L.L.C., Fairfax, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vernon Brooks appeals the sentence imposed following remand for resentencing. In our prior decision, we affirmed Brooks's convictions of one count of conspiracy to possess with intent to distribute an unspecified quantity of oxycodone, in violation of 21 U.S.C. §§ 841, 846 (2000), and carrying on the oxycodone conspiracy within 1000 feet of a protected area, in violation of 21 U.S.C. §§ 841, 849 (2000). United States v. Brooks, 111 F. App'x 701 (4th Cir. 2004). In compliance with the mandate of the Supreme Court that vacated our decision, we vacated Brooks's sentence and remanded for resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005). United States v. Brooks, 157 F. App'x 603 (4th Cir. 2005).

On remand, the district court utilized the same Guidelines[*] calculations that were applied at Brooks's initial sentencing — a total offense level of thirty-seven, criminal history category I and a sentencing range of 210 to 262 months. At the resentencing hearing, Brooks continued his objections to the drug quantity determinations but did not state any new or specific objections, and moved for a downward departure based on his medical condition. The district court denied Brooks's departure motion and sentenced Brooks to 210 months' imprisonment. Brooks timely appealed. We affirm.

---

[*]U.S. Sentencing Guidelines Manual (2002).

On appeal, Brooks asserts that the district court failed to comply with this court's mandate remanding for resentencing. He relies on the following language from the opinion:

> The facts that are supported by the verdict of the jury are that Brooks is responsible for an unspecified quantity of oxycodone as part of the conspiracy of which he was a part, and that the conspiracy occurred near a protected area. These facts correspond with an offense level of eight, see U.S. Sentencing Guidelines Manual §§ 2D1.1(c)(17), 2D1.2(a)(1) (2003), and a sentencing range of zero to six months' imprisonment.

Brooks, 157 F. App'x at 604-05. He argues that this part of the opinion established the Guidelines offense level and sentencing range, and the district court was not permitted to deviate from this range in resentencing him. Brooks does not challenge the accuracy of the district court's factual findings and resultant Guidelines determinations, but argues that the district court's sentence on remand is erroneous because it is an unjustified and unreasonable departure from the Guidelines range and is based on facts not found by the jury or admitted by Brooks.

Contrary to Brooks's assertions, our opinion did not prescribe the sentencing range to be used on remand. Rather, we only referenced specific offense levels in the context of describing the Booker error. Our specific guidance to the district court was stated as follows: "On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that

- 3 -

determination." <u>Brooks</u>, 157 F. App'x at 605. The district court fully complied with and followed this mandate.

After <u>Booker</u>, a district court is no longer bound by the range prescribed by the Sentencing Guidelines. <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005). However, in imposing a sentence post-<u>Booker</u>, courts still must calculate the applicable Guidelines range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the Guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006). This court will affirm a post-<u>Booker</u> sentence if it "is within the statutorily prescribed range and is reasonable." <u>Id.</u> at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." <u>United States v. Johnson</u>, 445 F.3d 339, 341 (4th Cir. 2006).

The district court explicitly treated the Guidelines as advisory, and sentenced Brooks only after considering the Sentencing Guidelines, the § 3553(a) factors, and counsel's arguments. Although the district court did not recite facts to support each § 3553(a) factor, the court need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record." <u>Johnson</u>, 445 F.3d at 345. Thus, the Sixth Amendment error that occurred at the first sentencing was

cured by Brooks's resentencing under an advisory Guidelines scheme. We also conclude that Brooks's sentence is reasonable.

We therefore affirm Brooks's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>